IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                                   17-CR-190-A

G. STEVEN PIGEON,

                         Defendant.

---

*(Filed OCT 09 2018, Mary C. Loewenguth, Clerk, U.S. District Court, Western District of NY)*

## PLEA AGREEMENT

The defendant, G. STEVEN PIGEON, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1.   The defendant agrees to waive indictment and to plead guilty to a one-count Superseding Information which charges a violation of Title 18, United States Code, Section 371 (conspiracy to cause a donation of $25,000 or more to be made by a foreign national to a campaign in connection with a state election), for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of up to 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   (1) that two or more persons entered into the unlawful agreement charged in the Superseding Information;

   (2) that the defendant knowingly and willfully became a member of the conspiracy;

   (3) that one of the members of the conspiracy committed at least one of the overt acts charged in the Superseding Information; and

   (4) that the overt act was committed to further some object of the conspiracy.

Case 1:17-cr-00190-RJA-MJR   Document 43   Filed 10/09/18   Page 3 of 9

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. At all relevant times, defendant was a political consultant and lobbyist based in Buffalo, New York.

   b. From 2010 through 2015, one of defendant's clients was Company A. Company A was an online gambling company based in Montreal, Canada.

   c. Person A was the founder and CEO of Company A. Person A was, at all times, a Canadian citizen. Person A was not, and never has been, a citizen or permanent legal resident of the United States. As a result, Person A could not lawfully make a donation or contribution in connection with a New York State election.

   d. Between on or about January 31, 2014, and in or about December 2014, in the Western District of New York, the defendant and Person A did knowingly, willfully, and unlawfully combine, conspire, and agree with others, known and unknown, to make a $25,000 donation from Person A to the re-election campaign of Public Official A, a New York State elected official, in connection with a New York State election, in violation of Title 52, United States Code, Section 30121.

   e. In furtherance of the conspiracy, defendant solicited Person A to make a $25,000 donation to the re-election campaign of Public Official A in connection with a fundraising event scheduled for February 26, 2014, in New York City.

   f. Defendant solicited the $25,000 donation from Person A in connection with Public Official A's re-election campaign despite knowing that Person A was not a citizen or permanent legal resident of the United States and, as a result, could not lawfully make a donation or contribution in connection with a New York State election.

   g. The re-election campaign of Public Official A initially rejected Person A's $25,000 donation because Person A was not a citizen or permanent legal resident of the United States.

3

      h.     Subsequently, and in furtherance of the conspiracy, defendant directed Person A to cause the donation to be made through Person B, knowing that Person A would pay for, or reimburse, the donation. Person B was an employee of Company A and a permanent legal resident of the United States. As directed by Person A, and in furtherance of the conspiracy, on February 24, 2014, Person B sent a $25,000 donation to the re-election campaign of Public Official A.

      i.     As a result of the donation, defendant and Person A were able to attend the fundraising event for Public Official A in New York City on February 26, 2014.

      j.     The above facts are set forth for the limited purpose of complying with Rule 11(b)(3) and are not intended to serve as a complete statement of the defendant's criminal conduct.

### III. SENTENCING GUIDELINES

5.     The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6.     The government and the defendant agree that Guidelines §§ 2X1.1(a) and 2C1.8(a) apply to the offense of conviction and provide for a base offense level of 8.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

7.     The government and the defendant agree that the following specific offense characteristics apply:

      a. Because under Guidelines § 2C1.8(b)(1), the value of the illegal transaction exceeded $6,500 (specifically, $25,000), a 4-level increase pursuant to Guidelines § 2B1.1(b)(1)(C); and

      b. a 2-level increase pursuant to Guidelines § 2C1.8(b)(2)(A) because the offense involved an illegal transaction made or received from a foreign national.

## ADJUSTED OFFENSE LEVEL

8. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 14.

## ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 12.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11. It is the understanding of the government and the defendant that, with a total offense level of 12 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 10 to 16 months, a fine of $3,000 to $30,000, and a period of supervised release of 1 to 3 years. Notwithstanding this, the defendant understands that at

sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

12. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

13. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

### IV. STATUTE OF LIMITATIONS

14. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period

of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### V. GOVERNMENT RIGHTS AND RESERVATIONS

15. The defendant understands that the government has reserved the right to:

    a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

    b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment; and

    d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

16. At sentencing, the Government will move to dismiss the indictment pending against the defendant in this action.

17. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.  APPEAL RIGHTS

18.  The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack his conviction and any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine, and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

19.  The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

20.  The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine, and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. TOTAL AGREEMENT AND AFFIRMATIONS

21. This plea agreement represents the total agreement between the defendant, G. STEVEN PIGEON, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney

_____
PAUL E. BONANNO
Assistant United States Attorney
United States Attorney's Office
138 Delaware Avenue
Buffalo, New York 14202
716-843-5973
Paul.Bonanno@usdoj.gov

ANNALOU TIROL
Acting Chief

_____
JOHN D. KELLER
Deputy Chief
United States Department of Justice
Public Integrity Section
1400 New York Ave. NW, Ste. 12000
Washington, DC 20005
John.Kelly@usdoj.gov

I have read this agreement, which consists of pages 1 through 9. I have had a full opportunity to discuss this agreement with my attorney, Paul J. Cambria, Jr., Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
G. STEVEN PIGEON
Defendant

Dated: October 9, 2018

_____
PAUL J. CAMBRIA, JR.
Attorney for the Defendant

Dated: October 9, 2018