IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

      v.                                                        17-CR-190-RJA

G. STEVEN PIGEON,
                       Defendant.

_____

## GOVERNMENT'S SENTENCING MEMORANDUM

The defendant, Steven Pigeon, repeatedly corrupted New York State government for profit. The defendant's crimes were calculated attempts to secure illegal influence for his clients, undermining one of the most fundamental ideals of our democracy: that our elected officials will act in the best interests of the communities that they serve. The defendant orchestrated illegal foreign campaign contributions and bribes to chip away at that ideal and tilt the scales in favor of the companies that he represented. Such serious offenses deserve serious punishment, as reflected by the custodial sentences imposed on similar defendants convicted of similar crimes. The defendant's acceptance of responsibility after he was caught does not diminish the need for imprisonment to account for the defendant's conduct and deter future criminal activity. The government recommends a sentence at the high end of the applicable Guideline sentencing range.

### I.     The Statutory Maximum Sentence

The defendant pleaded guilty on October 9, 2018, to a felony Information charging one count of conspiring to cause an illegal foreign campaign contribution in violation of 18 U.S.C. § 371. The statutory maximum punishment is five years' imprisonment; a $250,000 fine; and a $100 special assessment.

1

## II.     The PSR

The government agrees with the Guideline calculations set forth in the PSR:

```
Base Offense Level  ............................................ 8 (§ 2C1.8(a)(2))
Amount of the Contribution $25,000 ..................... +4 (§ 2B1.1(b)(1)(C))
Illegal Transaction Involving a Foreign National ....... +2 (§ 2C1.8(b)(2)(A))
Acceptance of Responsibility ............................. -2 (§ 3E1.1(a))
Total Offense Level ........................................... 12
```

## III.    The Plea Agreement & Related Filings

Consistent with the Plea Agreement and related filings, the final offense level is 8. At a criminal history category I, the defendant's Guideline sentencing range is 0-6 months.

## IV.    The Application of the Sentencing Factors under 18 U.S.C. § 3553(a)

Section 3553(a) of Title 18 of the United States Code governs sentencing in federal criminal cases and provides that the Court shall consider, in relevant part: "the offense . . . the history and characteristics of the defendant . . . respect for the law . . . just punishment . . . adequate deterrence . . . the sentencing range . . . and the need to avoid unwarranted sentencing disparities," all in imposing a sentence that is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). Although there is no presumption that a Guidelines sentence is reasonable, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Betts*, 886 F.3d 198, 201 (2d Cir. 2018) (internal quotation marks and citation omitted).

The seriousness of the defendant's offense is apparent. In 2014, the defendant worked to funnel a $25,000 campaign contribution to the campaign of a high-level New York elected official

from a foreign client—the owner of an online gambling business—for the purpose of influencing the official to support legislation that would legalize online gambling in the state. The defendant knew that foreign contributions were illegal but willfully helped to funnel his client's money through an employee of the client's company who was a permanent legal resident in the United States. The foreign donation allowed the defendant and his client to attend a campaign event for the public official, providing the opportunity for the foreign client to attempt to influence the official on the issue of legalization of online gambling. The defendant's offense demonstrates the dangerous potential for foreign contributions to inject foreign interests into our domestic public officials' decision-making, compromising our national security and domestic and foreign policies. *See United States v. Singh*, 979 F.3d 697, 710 (2d Cir. 2020) (rejecting a constitutional challenge to the foreign contribution prohibition and noting that "Congress has made a judgment on a matter of foreign affairs and national security by barring foreign nationals from contributing to our election processes."). The defendant prioritized his own pecuniary interests and those of his client over our national interest in avoiding foreign financial influence on our elected officials. His punishment should reflect the seriousness of his crime.

The defendants' history and characteristics also weigh in favor of material punishment. During the year prior to the instant offense, the defendant began bribing a New York State trial judge with repeated offers of assistance to secure employment for the judge's son in exchange for confidential judicial information and judicial decisions favorable to the defendant's clients. The defendant's conduct spanned years and included extensive *ex parte* contacts with the judge as part of an increasingly explicit *quid pro quo* relationship. The defendant was paid hundreds of thousands of dollars by various clients to deliver favorable governmental and judicial outcomes,

including those that he procured through bribery of the judge. On September 28, 2018, the defendant pleaded guilty in state court to Third Degree Bribery of a Public Servant. According to the defendant, he faces a maximum term of one year of imprisonment at sentencing in that case.

A term of imprisonment should be imposed here to deter the "[defendant] as well as others from engaging in similar behavior," especially given that the defendant engaged in "repeated conduct that he chose not to stop." *United States v. Traficante*, 966 F.3d 99, 103 (2d Cir. 2020) (internal quotation marks omitted). The defendant's conduct in this case persisted for months. His conduct in the state bribery case persisted for years. Driven by a desire to deliver for his clients, the defendant failed to walk away from ongoing criminal conduct in two separate, but equally serious, schemes.

Other defendants who have committed similar crimes—without a history of bribery—have been sentenced to significant terms of imprisonment. *See, e.g., United States v. Parnas*, 19-cr-725 (S.D.N.Y. 2022) (defendant sentenced to 20 months' imprisonment for foreign contribution and fraud schemes); *United States v. Tong*, 17-cr-474 (N.D. Cal. 2020) (defendant sentenced to 15 months' imprisonment for conduit contribution scheme involving foreign nationals); *Singh*, 979 F.3d at 709 (noting sentences of 36 months' and 15 months' imprisonment for co-defendants convicted in a foreign contribution scheme). The defendant has pleaded guilty and accepted responsibility, distinguishing himself, to an extent, from the defendants in the cases referenced above. But the Guideline range of 0-6 months already reflects his acceptance of responsibility. His ultimate sentence within that Guideline range should reflect the seriousness of his offense; his prior bribery of a state court judge; the need for adequate deterrence of the defendant and others;

and the sentences of significant periods of incarceration imposed on similar defendants convicted of similar crimes. The government respectfully recommends that the Court sentence the defendant to a term of six months' imprisonment and the maximum fine contemplated in the plea agreement: $30,000.

### V. Conclusion

Illegal campaign contributions and corruption strike at the most prized foundations of our democracy—free and fair elections and honest elected officials. In the words of Justice Warren, "a democracy is effective only if the people have faith in those who govern, and that faith is bound to be shattered when high officials and their appointees engage in activities which arouse suspicions of malfeasance and corruption." *United States v. Mississippi Valley Generating Co.*, 364 U.S. 520, 562 (1961). The defendant inserted illegal foreign influence into an election for the highest office in the State of New York and corrupted a state court judge. His actions not only had the potential to illegally influence governmental policy and judicial outcomes, they erode public confidence in the value and validity of our republic. The consequences should reflect the gravity of the defendant's actions. He should be sentenced to six months' imprisonment, the maximum term of imprisonment within the applicable Guideline range.

Respectfully submitted,

COREY R. AMUNDSON
Chief

_/s/ John D. Keller_
John D. Keller
Principal Deputy Chief

TRINI E. ROSS
United States Attorney

_/s/ Paul E. Bonnano_
Paul E. Bonnano
Assistant United States Attorney

```
```
United States Department of Justice  
Public Integrity Section  
1301 New York Ave. NW  
Washington, DC 20005  
John.Keller2@usdoj.gov

United States Attorney's Office  
Western District of New York  
138 Delaware Avenue  
Buffalo, NY 14202  
Paul.Bonnano@usdoj.gov