1
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

2

3  UNITED STATES OF AMERICA,          )
                                      ) Case No. 1:17-CR-00190
4                                     )            (RJA)(MJR)
                    Plaintiff,        )
5                                     )
   vs.                                ) July 27th, 2022
6                                     ) 2:38 p.m.
   G. STEVEN PIGEON,                  )
7                                     )
                    Defendant.        )

8

9                    **TRANSCRIPT OF SENTENCING**
             **BEFORE THE HONORABLE RICHARD J. ARCARA**
10             **SENIOR UNITED STATES DISTRICT JUDGE**

11
   <u>APPEARANCES</u>:
12
   For the Plaintiff:    TRINI E. ROSS, ESQ.
13                        UNITED STATES ATTORNEY
                          BY:  PAUL BONNANO, ESQ.
14                        ASSISTANT UNITED STATES ATTORNEY
                          138 Delaware Avenue
15                        Buffalo, NY 14202

16                        U.S. DEPARTMENT OF JUSTICE
                          BY:  JOHN DIXON KELLER, ESQ.
17                        1400 New York Avenue, NW, Suite 12000
                          Washington, DC 20005
18
   For the Defendant:    LIPSITZ GREEN SCIME CAMBRIA LLP
19                        BY:  PAUL CAMBRIA, ESQ.
                               JUSTIN GINTER, ESQ.
20                        42 Delaware Avenue, Suite 120
                          Buffalo, NY 14202
21
   Probation Officer:    TINA BLACKMAN
22
   Court Reporter:       MEGAN E. PELKA, RPR
23                        Robert H. Jackson US Courthouse
                          2 Niagara Square
24                        Buffalo, NY 14202
                          (716) 364-6449
25

| | | |
|---|---|---|
| 02:38PM | 1 | THE CLERK:  This is case 17-CR-190.  United States v. |
| 02:38PM | 2 | G. Steven Pigeon.  Sentencing.  Counsel, please state your |
| 02:38PM | 3 | name and the party you represent for the record. |
| 02:38PM | 4 | MR. KELLER:  John Keller and Paul Bonnano on behalf |
| 02:38PM | 5 | of the government, Your Honor. |
| 02:38PM | 6 | MR. CAMBRIA:  Paul Cambria and Justin Ginter on |
| 02:38PM | 7 | behalf of the defendant, Your Honor. |
| 02:38PM | 8 | THE COURT:  Good afternoon, gentlemen.  Are we ready |
| 02:38PM | 9 | to proceed? |
| 02:38PM | 10 | MR. KELLER:  Yes, Your Honor.  Before we proceed, I |
| 02:38PM | 11 | just wanted to place on the record that the parties, prior to |
| 02:39PM | 12 | sentencing this afternoon, had an opportunity to discuss with |
| 02:39PM | 13 | the Court some previous filings that had been filed under |
| 02:39PM | 14 | seal.  The Court permitted the parties an opportunity to file |
| 02:39PM | 15 | those publicly so that all of the relevant facts are in the |
| 02:39PM | 16 | public record.  We appreciate the Court's indulgence and are |
| 02:39PM | 17 | ready to move forward. |
| 02:39PM | 18 | MR. CAMBRIA:  Yes.  I agree with that, Your Honor. |
| 02:39PM | 19 | We're sorry for the delay, but we appreciate the opportunity |
| 02:39PM | 20 | you gave us to file those matters. |
| 02:39PM | 21 | THE COURT:  Okay.  All right.  We're ready to |
| 02:39PM | 22 | proceed. |
| 02:39PM | 23 | The defendant, Steven Pigeon, stands before the Court on |
| 02:39PM | 24 | his previous plea of guilty to one count of conspiracy to |
| 02:39PM | 25 | cause a donation of $25,000 or more to be made by a foreign |

| | | |
|---|---|---|
| 02:39PM | 1 | national to a campaign in connection with a state election in |
| 02:39PM | 2 | violation of Title 52, United States Code, Section 30121 and |
| 02:40PM | 3 | 30109(d)(1)(A)(i); all in violation of Title 18, United States |
| 02:40PM | 4 | Code, Section 371.  I know that counsel have had an |
| 02:40PM | 5 | opportunity to review the report and I assume, Mr. Cambria, |
| 02:40PM | 6 | you've had a chance to review the report with your client. |
| 02:40PM | 7 | MR. CAMBRIA:  Yes, I have. |
| 02:40PM | 8 | THE COURT:  The Court hereby accepts the terms and |
| 02:40PM | 9 | conditions of the plea agreement and the plea of guilty to |
| 02:40PM | 10 | conspiracy to cause a donation of $25,000 or more to be made |
| 02:40PM | 11 | by a foreign national to a campaign in connection with a state |
| 02:40PM | 12 | election.  I will place the report in the record under seal. |
| 02:40PM | 13 | If an appeal is filed, counsel on appeal will be permitted |
| 02:40PM | 14 | access to the sealed report, except that counsel on appeal |
| 02:40PM | 15 | will not be permitted access to the recommendation section. |
| 02:40PM | 16 | The parties have filed the appropriate statement of |
| 02:40PM | 17 | parties with respect to sentencing factors.  There's no |
| 02:40PM | 18 | dispute about the facts contained in the report and, therefor, |
| 02:40PM | 19 | the Court adopts these facts as its findings of fact and |
| 02:41PM | 20 | hereby incorporates them in the record.  There are no |
| 02:41PM | 21 | objections to the probation officer's conclusions as to the |
| 02:41PM | 22 | applicable guidelines. |
| 02:41PM | 23 | The report recommends that the defendant's base offense |
| 02:41PM | 24 | level under Guideline Section 2X1.1 and 2C1.8(a) is 8.  Report |
| 02:41PM | 25 | also recommends that because, under Guideline Section |

02:41PM  1   2C1.8(b)(1), the value of the illegal transaction exceeded

02:41PM  2   $5,500, specifically $25,000, a four-level upward adjustment

02:41PM  3   pursuant to Guideline Section 2B1.1(b)(1)(C) applies, as the

02:41PM  4   loss was greater than 15,000 but not more than $40,000.  The

02:41PM  5   report also recommends a two-level upward adjustment pursuant

02:41PM  6   to Guideline Section 2C1.8(b)(2)(A), as the offense involved

02:41PM  7   an illegal transaction made or received from a foreign

02:42PM  8   national.

02:42PM  9       The report also recommends a two-level downward adjustment

02:42PM  10  based upon the defendant's acceptance of responsibility and

02:42PM  11  accordingly recommends the offense level should be properly

02:42PM  12  calculated at level 12, and the criminal history category

02:42PM  13  should be properly calculated as category I.

02:42PM  14      Under this calculation, the advisory range for

02:42PM  15  imprisonment is 10 to 16 months.  The statutory term of

02:42PM  16  imprisonment is a maximum of five years.  The advisory

02:42PM  17  guideline range for supervised release is a term of one to

02:42PM  18  three years.  The advisory range for a fine is 3,000 to

02:42PM  19  $30,000 plus the cost of imprisonment and supervised release.

02:42PM  20      In accordance with the Supreme Court decision in *U.S. v.*

02:42PM  21  *Booker* and the Second Circuit decision in *U.S. v. Crosby*, this

02:42PM  22  Court must consider the guidelines, is not bound by them.  The

02:42PM  23  Court must also consider the factors set forth in 18 USC

02:42PM  24  3553(a).

02:42PM  25      Now, the government has moved for a four-level downward

02:43PM   1   departure pursuant to 5K1.1.  I've reviewed the government's

02:43PM   2   motion, and the Court finds it should be granted, and the

02:43PM   3   applicable guideline range shall be reduced by four levels.

02:43PM   4   So, the offense level now is 8 and a range of -- zero to six

02:43PM   5   months of imprisonment is now the guideline range.

02:43PM   6       I am in receipt of 13 character letters submitted on

02:43PM   7   behalf of the defendant, the defendant's sentencing

02:43PM   8   memorandum, and the government's sentencing memorandum, which

02:43PM   9   I have reviewed and considered, and I've considered all the

02:43PM   10  filings by counsel.  I think with that, I think that pretty

02:43PM   11  much sets forth the parameters here.  Mr. Cambria or

02:43PM   12  Mr. Ginter, whoever.

02:43PM   13          MR. CAMBRIA:  Yes.  Your Honor would like me to be --

02:43PM   14          THE COURT:  Whatever you feel.  It doesn't make any

02:43PM   15  difference.

02:43PM   16          MR. CAMBRIA:  Thank you, Your Honor.  A number of

02:43PM   17  things.  As is your habit, based on my prior long experience

02:44PM   18  in appearing before you, I know that you have read everything

02:44PM   19  that's been submitted by both sides and all of the character

02:44PM   20  letters and so long that have been submitted by the defense.

02:44PM   21      The government is asking for you to sentence my client to

02:44PM   22  six months of incarceration.  We're asking you to give him a

02:44PM   23  probationary sentence.  And there's a reason -- there's

02:44PM   24  several reasons for that.

02:44PM   25      First of all, there's reference made by the government to

02:44PM  1  the charges that are in the state court.  Clearly, this Court

02:44PM  2  should not punish my client based on those charges since that

02:45PM  3  sentencing will occur tomorrow.  And what, if any, punishment

02:45PM  4  should arise from that will be decided in that forum by

02:45PM  5  another judge.  And so, there shouldn't be a double penalty,

02:45PM  6  if you will, as a result of that.

02:45PM  7      I think the things that are important to consider are the

02:45PM  8  following.  The government says, of course you need to make an

02:45PM  9  example.  These events which underlie these charges are

02:45PM  10  serious, and such that there has to be a message sent, if you

02:45PM  11  will, that, you know, acts like this will not be tolerated.

02:45PM  12      Well, first and foremost, by pleading guilty, my client

02:45PM  13  has already sentenced -- partially sentenced himself because,

02:45PM  14  obviously, he now has a felony record.  And in addition to

02:45PM  15  that, he has had to give up his license as an attorney, and is

02:46PM  16  not in a position, as a result of entering that plea, of

02:46PM  17  practicing, basically, what he has done for employment for

02:46PM  18  many, many years.

02:46PM  19      So, already, he has certainly paid a very high price and

02:46PM  20  penalty for his conduct.  What's of note is that he readily

02:46PM  21  admitted his conduct.  He readily admitted the wrongful nature

02:46PM  22  of his conduct.  He makes no excuses for it.  He has made no

02:46PM  23  excuses for that conduct.  He's accepted that responsibility.

02:46PM  24  So, in addition -- so, probation.  Some people take that

02:46PM  25  lightly and think that that's not a significant sentence.

02:46PM  1  It's a very significant sentence because, basically, your life

02:47PM  2  is controlled.  You have to report.  You have to account.  You

02:47PM  3  have curfews.  You have a lot of different things that

02:47PM  4  interfere with your day-to-day life and, obviously, punish

02:47PM  5  you.

02:47PM  6      In addition to that, Your Honor, over five years my client

02:47PM  7  has been under supervision, pretrial supervision.  And so,

02:47PM  8  over five years, his life has been restricted.  It's been

02:47PM  9  restricted significantly where he can travel, what he can do,

02:47PM  10  et cetera.  So, besides losing his profession, losing his

02:47PM  11  license, losing his ability to practice the business that he

02:47PM  12  practiced for many years, he's been under constant supervision

02:47PM  13  with no demerits, if you will, to that supervision for over

02:47PM  14  five years.

02:47PM  15      And so, I submit that a significant message is sent out as

02:48PM  16  a result of all of that.  Somebody analyzing this case,

02:48PM  17  they're going to say, well, for a $25,000 contribution by a

02:48PM  18  Canadian individual, this man has given up basically his

02:48PM  19  liberty for over five years.  If he's placed on probation, it

02:48PM  20  would be additional years.

02:48PM  21      He's given up his profession.  He now is a felon.  He has

02:48PM  22  readily admitted all of these things.  And so, I submit that

02:48PM  23  is a significant punishment.  And so -- and not some light

02:48PM  24  punishment.  And I submit that that is sufficient but not

02:48PM  25  excessive, which the statute, of course, deals with.

02:48PM    1          On page 5 of the prosecution's submission, they cite a

02:49PM    2    couple cases there and try to basically say, well, in similar

02:49PM    3    cases, look at the sentence that's been imposed.  Those cases

02:49PM    4    are not similar.  The individuals and their activity are

02:49PM    5    different than my client, significantly different.  And so, I

02:49PM    6    suggest that they are not in any way something that should be

02:49PM    7    a guiding light, if you will, with regard to this.

02:49PM    8          THE COURT:  Mr. Cambria, I have a tendency to agree

02:49PM    9    with you on that.  Many times, in this courtroom, I've had

02:49PM   10    cases where counsel on a different side for, let's say a more

02:49PM   11    lenient sentence, defense counsel will cite other cases of

02:49PM   12    other judges imposing sentences under allegedly similar

02:50PM   13    circumstances.

02:50PM   14          My question to counsel is always like, well, have you read

02:50PM   15    the presentence report from the other individuals?  And the

02:50PM   16    answer is obviously going to be no.  And I said, well, how do

02:50PM   17    you know what factors that judge considered in imposing

02:50PM   18    sentence; because I am not familiar with that particular case

02:50PM   19    or what factors the judge considered in imposing those

02:50PM   20    sentences; because I haven't had access to the report.

02:50PM   21          So, I don't find it very helpful, a lot of times, when you

02:50PM   22    do cite other cases with similar sentences or appears to be

02:50PM   23    similar sentences because, in sentencing, as you are fully

02:50PM   24    aware, Mr. Cambria, there's a lot of factors that a court must

02:50PM   25    take a look at in trying to impose the sentence; considering

02:50PM   1   the guidelines, considering the 3553 factors, in imposing a

02:50PM   2   sentence that is fair and reasonable, which is subject to

02:51PM   3   review.  Particularly if there's an appeal made, and a higher

02:51PM   4   court takes a look at what the sentence should be, the higher

02:51PM   5   court would say was this sentence reasonable.  And the Second

02:51PM   6   Circuit -- I know because I read all their opinions -- is

02:51PM   7   constantly looking at sentences to see whether or not they're

02:51PM   8   reasonable.

02:51PM   9       So, even though the government has cited other cases, I

02:51PM   10   don't know what the background of those cases were, what the

02:51PM   11   factors were, because I haven't head the presentence report

02:51PM   12   nor do I know anything about the case other than what's in the

02:51PM   13   written decision that is being cited here.

02:51PM   14       So, I certainly have read those cases.  I'm aware of those

02:51PM   15   cases, but are they really helpful?  I don't think they are as

02:51PM   16   helpful as counsel, the government in this case, may think

02:51PM   17   they are, because I don't know all the details.  I don't know

02:51PM   18   any details other than what's in the decision.  So, I will

02:52PM   19   give it the appropriate consideration just so you're aware.

02:52PM   20           MR. CAMBRIA:  I appreciate that.  Your Honor, a

02:52PM   21   couple other points.  Certain aspects of the consequences that

02:52PM   22   he has already suffered are lifetime.  Felony conviction is

02:52PM   23   lifetime.  Loss of law license, lifetime.  Loss of the ability

02:52PM   24   to practice his profession, lifetime.  As opposed to six

02:52PM   25   months in jail, once it's over it's over, he already has

02:52PM  1  several punishments in place that will be with him for his

02:52PM  2  life.  And so, the other thing that the cases and the statute

02:52PM  3  talked about is deterrence.  There isn't a chance in the world

02:53PM  4  that this man would repeat any of the conduct that he has so

02:53PM  5  readily admitted here.

02:53PM  6      And no one who looks at this case objectively -- and if

02:53PM  7  you were to sentence him to a probationary term or something

02:53PM  8  other than that other than incarceration -- there isn't anyone

02:53PM  9  who could look at this case and say, oh, well, that was easy.

02:53PM  10  There's nothing easy when you lose basically things that were

02:53PM  11  near and dear and necessary to your life for your entire life.

02:53PM  12  And that's what's happened.

02:53PM  13      I think it's important that he admitted his guilt.  This

02:53PM  14  isn't after a trial and after a finding and after a claim, oh,

02:53PM  15  this didn't happen and I'm innocent and so on.  None of that

02:53PM  16  happened here.  He readily admitted this.  Probation report

02:54PM  17  reflects that.  He's had no infractions in all the years that

02:54PM  18  he's been under supervision.  So, I submit to Your Honor that,

02:54PM  19  plus a number of things that were brought out in his character

02:54PM  20  letters.  Obviously, he's an individual who had no reputation

02:54PM  21  issues prior to the events that occurred here.

02:54PM  22      So, I ask you, given all of that, and given all of the

02:54PM  23  penalties that have already been felt but will remain with

02:54PM  24  him, that a sentence other than incarceration would be fair,

02:54PM  25  would not be too little and it would not be too much.  I

02:54PM   1  appreciate your time, Your Honor thank you.

02:55PM   2        THE COURT:  You can be seated.

02:55PM   3        MR. CAMBRIA:  You want him to speak?

02:55PM   4        THE COURT:  Yes.  I'll hear from you.  You can be

02:55PM   5  seated there or whatever you want to do, Mr. Pigeon, whatever

02:55PM   6  is more comfortable.

02:55PM   7        THE DEFENDANT:  Yes, Your Honor.  Thank you.  I just

02:55PM   8  wanted to say that I do accept responsibility for my actions

02:55PM   9  and am very sorry for them.  I also appreciate the time and

02:55PM  10  consideration that I know you've put into reviewing this case

02:55PM  11  and I just wanted to thank you for that, and let you know that

02:55PM  12  that is what I'm thinking.  Thank you.

02:55PM  13        MR. KELLER:  Thank you.  Your Honor, this sentencing

02:55PM  14  is about illegal influence on our elections and about

02:56PM  15  corruption of our elected officials.  Our government serves

02:56PM  16  the interest of this country, the United States of America.

02:56PM  17  We don't serve the interest of a foreign nation or foreign

02:56PM  18  corporation or foreign national.  Our elected officials are

02:56PM  19  entrusted to represent the best interest of the communities

02:56PM  20  that they serve, their constituents, not foreign nationals,

02:56PM  21  and not individuals who have demonstrated willingness to try

02:56PM  22  to illegally influence them.

02:56PM  23    The defendant repeatedly sought to illegally influence our

02:56PM  24  government through the election, through bribery of an elected

02:56PM  25  state court judge, putting the financial interests of his

02:56PM  1  clients and himself before the best interest of the

02:56PM  2  communities that these governments are supposed to serve, that

02:57PM  3  these institutions are supposed to serve.

02:57PM  4      The defendant spent a career in politics.  He knows the

02:57PM  5  law.  He knows the rule.  He knows the ideals that our

02:57PM  6  democracy is supposed to uphold.  And yet, he has repeatedly

02:57PM  7  broken the law and undermined those ideals, shaking public

02:57PM  8  confidence in the security of our elections that they are

02:57PM  9  secure from foreign influence, that they are valid; shaking

02:57PM  10 public confidence in the principle that public officials will

02:57PM  11 serve their community with the community's best interest in

02:57PM  12 mind, and not be beholden to those with the means and the

02:57PM  13 willingness to illegally influence them.

02:57PM  14     Mr. Cambria made a comment that the Court should not

02:57PM  15 consider the pending sentencing the defendant -- or the

02:57PM  16 offense conduct underlying the pending sentencing for the

02:58PM  17 defendant in state court involving his bribery of a state

02:58PM  18 court judge, but 3553(a) requires the Court to consider the

02:58PM  19 history and characteristics of the defendant, in this context

02:58PM  20 especially, when we're dealing with the corruption of

02:58PM  21 government institutions.

02:58PM  22     The fact that he has demonstrated a history of willingness

02:58PM  23 to corrupt our government institutions is highly relevant, and

02:58PM  24 the Court should consider that as it impacts the appropriate

02:58PM  25 sentence to be imposed here.

02:58PM  1        This is not a garden-variety white collar offense or a

02:58PM  2   mere regulatory matter.  The defendant's conduct promotes a

02:58PM  3   dangerous cynicism that our government is not for the people

02:58PM  4   by the people; it is, instead, up for sale to be bought by

02:59PM  5   those with access and means and willingness to skirt the law

02:59PM  6   for the best interest of a few instead of the interest of the

02:59PM  7   many.

02:59PM  8        Because of the seriousness of the offense, Your Honor, a

02:59PM  9   term of imprisonment is appropriate here.  The government

02:59PM 10   certainly concedes that the guideline range is zero to six

02:59PM 11   months, and that a sentence within that range would be

02:59PM 12   reasonable, and sentences within that range would include non-

02:59PM 13   custodial probationary sentences.

02:59PM 14        And the government also takes the Court's point that every

02:59PM 15   defendant is different.  Sentencing is a very individualized

02:59PM 16   process, and each case is different.  But the sentences

02:59PM 17   imposed on other defendants who have engaged in similar

02:59PM 18   conduct, illegal contributions in state and federal elections,

03:00PM 19   those sentences reflect a consensus on the Court that this

03:00PM 20   conduct is serious and needs to be deterred, and needs to be

03:00PM 21   responded to, and addressed appropriately.

03:00PM 22        And though, certainly, Mr. Pigeon is distinguishable in

03:00PM 23   some ways from those defendants, and has accepted

03:00PM 24   responsibility here, his conduct, his offense conduct, is not

03:00PM 25   all that distinguishable, and his history and characteristics

03:00PM   1   are distinguishable in a way that does not benefit him.

03:00PM   2       Deterrence is important here, as the Court is aware, not

03:00PM   3   just specific deterrence for Mr. Pigeon, but general

03:00PM   4   deterrence for others who are watching; for others who are

03:00PM   5   considering whether to put the financial interest of

03:00PM   6   themselves and their clients ahead of our governmental

03:00PM   7   interests; ahead of the principles that underlie our

03:00PM   8   democracy; those that are watching to see how seriously the

03:01PM   9   Court takes this type of conduct.  General deterrence is just

03:01PM   10   as important as specific deterrence here and weighs in favor

03:01PM   11   of a custodial sentence.

03:01PM   12       Your Honor, there aren't that many instances, fortunately,

03:01PM   13   of convictions for making foreign contributions in our

03:01PM   14   domestic elections.  And that's a good thing that we can all

03:01PM   15   be thankful for.  But that is all the more reason that when

03:01PM   16   there are instances of defendants facilitating foreign

03:01PM   17   influence on our domestic public officials, that it needs to

03:01PM   18   be addressed and responded to with appropriate severity.  In

03:01PM   19   this case, that means a six-month sentence of imprisonment at

03:01PM   20   the high end of the guideline range.  Thank you, Your Honor.

03:02PM   21       THE COURT:  You know, I always thought that before I

03:02PM   22   became a judge that, boy, it's going to be a pretty easy job.

03:02PM   23   It's just -- particularly in my past life, I said that it

03:02PM   24   would be a piece of cake.  Just go in there and just sentence

03:02PM   25   the people whatever I felt would be a good sentence.  And

03:02PM   1   before the guidelines went into effect, which I was a judge

03:02PM   2   prior to the guidelines going into effect and then after the

03:02PM   3   guidelines went into effect.

03:02PM   4       I remember back and I had occasion to testify a couple of

03:02PM   5   times before the US Sentencing Commission.  And I remember the

03:02PM   6   first time I did, there was were a number of judges sitting in

03:02PM   7   the hearing room.  And I was getting -- and I was then a

03:03PM   8   proponent for the guidelines.  And I can remember all those

03:03PM   9   judges kind of giving me the evil eye, like what are you

03:03PM  10   doing?  We don't really want these guidelines.  We don't want

03:03PM  11   them.  And then, up to the present time, I think that

03:03PM  12   particularly except for maybe mandatory minimum sentences that

03:03PM  13   were imposed that we have come to work within the guidelines.

03:03PM  14       And I remember about three or four years ago, I was at a

03:03PM  15   judges' workshop, about 300 judges there, and it was amazing

03:03PM  16   how all the judges there -- and almost to the -- everyone I

03:03PM  17   talked to and everyone from the conversations that were

03:03PM  18   occurring and the presentations that were occurring, the

03:03PM  19   judges there -- and I can say this unanimously almost -- felt

03:04PM  20   that the guidelines were -- thank God they're there, and they

03:04PM  21   couldn't imagine a sentencing procedure where the guidelines

03:04PM  22   would not be there.

03:04PM  23       And I was quite surprised because it's like a 100 percent

03:04PM  24   reversal of the way the courts thought about the guidelines

03:04PM  25   back in 1987, '88.  The guidelines have worked through the

03:04PM  1  system and, I think, as I said, I think everyone has come to

03:04PM  2  accept them.  Is it a perfect system?  No.  Originally, they

03:04PM  3  were mandatory.

03:04PM  4      And I remember having breakfast with Justice Scalia, and

03:04PM  5  it was only about six of us in the room.  And he says, you

03:04PM  6  know, these guidelines -- they were mandatory then.  He says,

03:04PM  7  these guidelines really are guidelines.  And I said, it sounds

03:05PM  8  like I'm talking to Judge Elfvin, because he always was a

03:05PM  9  prior judge here who always talked about the guidelines should

03:05PM  10  be guidelines, not mandatory.  Well, the Supreme Court changed

03:05PM  11  all that and Justice Scalia wrote the opinion making the

03:05PM  12  guidelines no longer mandatory.

03:05PM  13      So, we've gone through this whole process and you would

03:05PM  14  think over the years -- and I don't think there's been more

03:05PM  15  litigation in any area of law, both at the district court

03:05PM  16  level and at the circuit court level, more than the

03:05PM  17  guidelines.  It seems to have somewhat tapered off as far as

03:05PM  18  circuit court decisions, but there's been a lot written and a

03:05PM  19  lot of decisions on guidelines.

03:05PM  20      And you would think that over the years it would get

03:05PM  21  simpler and easier for judges.  Well, if the last week is any

03:05PM  22  indication of the opposite of that that I have experienced,

03:06PM  23  this has, like, been a week from hell for me as far as the

03:06PM  24  guidelines are concerned imposing sentences.  I've never

03:06PM  25  had -- spent more time in reading presentence reports,

03:06PM     1   submission by counsel in imposing sentence than I have this

03:06PM     2   week.  And that's good.  That's my job.  My job is to take the

03:06PM     3   time to read everything, and I do read everything.  And as I

03:06PM     4   said earlier, contrary to what I thought it would be easy,

03:06PM     5   it's not easy.  And it's not -- and if it ever becomes easy,

03:06PM     6   then I think I should immediately retire.  I suppose that

03:06PM     7   would make a lot of people happy if I did, but I don't intend

03:06PM     8   to, because I love what I do.  And I learn every day.

03:06PM     9        And every case I look at, obviously every case that we

03:06PM    10   have, that doesn't run into many of the factors that cases

03:06PM    11   such as this have.  There's a lot of factors here that

03:07PM    12   individuals have -- a lot of things to consider, especially

03:07PM    13   where you're considering the guidelines which are, again,

03:07PM    14   guidelines, but you consider other factors.

03:07PM    15        And it's not an easy job, and it's something that I take

03:07PM    16   very seriously.  And I certainly try, to the best of my

03:07PM    17   ability considering all the factors, try to be as impartial as

03:07PM    18   I can be, which I think I am to a large degree, being as fair

03:07PM    19   as I can be.  And I do the best I can.  Again, I'm not perfect

03:07PM    20   and -- but I try to administer the justice as best I can.

03:07PM    21        This case is certainly -- I've read a lot of -- I read the

03:07PM    22   submissions of the parties which, basically, have now been on

03:07PM    23   file and available.  I read all the letters, which are now on

03:08PM    24   file, which are available, and they are certainly helpful.

03:08PM    25   The report is helpful, but also all the submissions by counsel

03:08PM  1   are helpful.  So, with that, you know I've spent an enormous

03:08PM  2   amount of time and spent some time here today in preparing all

03:08PM  3   the guidelines.

03:08PM  4       I'd like to take a couple minutes just to reflect on

03:08PM  5   what's been said here in court.  I think it would be very

03:08PM  6   difficult, many times, to have the guidelines, read all the

03:08PM  7   reports, come into court, listen carefully to counsel, and not

03:08PM  8   giving counsel -- what they say in court as well as the

03:08PM  9   defendant -- what is being said here, some consideration.

03:08PM 10       Obviously, I'm not going to take a long time, because I'm

03:08PM 11   pretty familiar with everything, but I want to reflect for a

03:09PM 12   few minutes on what was said here today.  So, I'm going to

03:09PM 13   take a short break and I'll be back within five minutes or so.

03:09PM 14   Court will be in recess.

03:09PM 15           THE CLERK:  All rise.

03:09PM 16   (Brief recess from 3:09 p.m. to 3:20 p.m.)

03:09PM 17           THE CLERK:  All rise.  You may be seated.

03:20PM 18           THE COURT:  Good afternoon again, gentlemen.

03:20PM 19       Pursuant to the Sentencing Reform Act of 1984, it's the

03:20PM 20   judge of the Court that the defendant, Steven Pigeon, is

03:21PM 21   hereby committed to the custody of Bureau of Prisons to be

03:21PM 22   imprisoned for a period of four months.  Cost of incarceration

03:21PM 23   fee is waived.

03:21PM 24       Upon release, he shall be placed on supervised release for

03:21PM 25   one year; shall report in person to the probation office in

03:21PM   1   the district in which he is released within 72 hours; shall

03:21PM   2   comply with the standard conditions of supervised release

03:21PM   3   adopted by the Court.  He shall not commit another federal,

03:21PM   4   state, or local crime; shall be prohibited from possessing a

03:21PM   5   firearm or other dangerous device; shall not possess a

03:21PM   6   controlled substance.

03:21PM   7       Since the instant offense occurred after September 1994,

03:21PM   8   however, is not related to illegal substances, and he does not

03:21PM   9   have a history of substance abuse problem, mandatory

03:21PM  10   requirement for drug testing is waived.  He shall cooperate in

03:22PM  11   the collection of a DNA sample as required by the Justice For

03:22PM  12   All Act of 2004.  He shall submit to a search of his person,

03:22PM  13   property, vehicle, place of residence, or any other property

03:22PM  14   under his control and permit the confiscation of any evidence

03:22PM  15   or contraband discovered.

03:22PM  16       The Court finds he does not have the ability to pay a

03:22PM  17   fine; however, I will order the mandatory special assessment

03:22PM  18   of $100 which is due immediately.  Payment shall can begin

03:22PM  19   under the Bureau of Prisons Inmate Financial Responsibility

03:22PM  20   Program.

03:22PM  21       In determining the sentence, the Court has considered the

03:22PM  22   advisory guideline range and all the arguments raised by the

03:22PM  23   defendant, counsel, as well as the government as to what the

03:22PM  24   appropriate sentence should be.  In addition, I have carefully

03:22PM  25   considered the factors in 18 USC 3553(a) and finds the

03:22PM    1    sentence imposed is sufficient but not greater than necessary

03:22PM    2    to comply with the purpose of sentencing set forth in 18 USC

03:22PM    3    Section 3553(a)(2).  Although I'm not bound to, I have imposed

03:23PM    4    a sentence a little bit above the midrange.

03:23PM    5        The Court notes that Mr. Pigeon is 61 years old,

03:23PM    6    generally, in good health, had no history of mental health

03:23PM    7    issues, no substance abuse.  He is well-educated, having

03:23PM    8    obtained a Bachelor Degree in Political Science and a Juris

03:23PM    9    Doctorate and having passed the bar examinations in both New

03:23PM   10    York and the State of Florida; however, he is no longer able

03:23PM   11    to practice law.  He owes a significant amount of money in

03:23PM   12    back taxes and a personal debt.

03:23PM   13        His family has a history in politics.  His aunt has

03:23PM   14    described him as a people pleaser, and noted that he entered

03:23PM   15    politics to help people.  The Court has received letters from

03:23PM   16    highly respected and prominent individuals in the community.

03:23PM   17    In those letters, his friends and colleagues noted his

03:24PM   18    intelligence, his generosity and commitment to charitable and

03:24PM   19    philanthropic work as well as public service.  His friends and

03:24PM   20    colleagues insist that he is remorseful.  I have no reason to

03:24PM   21    doubt that.  He's made efforts to make amends.  He appears to

03:24PM   22    be truly remorseful.

03:24PM   23        At the time of the offense conduct, Mr. Pigeon was a

03:24PM   24    political consultant, a lobbyist, and an attorney based in

03:24PM   25    Buffalo.  He was also a former elected official and former

03:24PM   1   Chairman of the Erie County Democratic Committee and well-

03:24PM   2   connected and influential political person in Western New

03:24PM   3   York.  He's now lost all of that due to his criminal activity.

03:24PM   4   He was fully compliant with all the terms and conditions of

03:24PM   5   pretrial release.

03:24PM   6       The parties are well aware of the offense conduct.  The

03:25PM   7   Court also notes that he already received a benefit in

03:25PM   8   accordance with the plea agreement.  Were he to proceed to

03:25PM   9   trial on the original indictment and been convicted on those

03:25PM  10   charges in the indictment, he would have been exposed to a

03:25PM  11   much higher sentence.  As far as the criminal history category

03:25PM  12   is concerned, he pleaded guilty in New York State in supreme

03:25PM  13   court on bribery- related charges.  The Court expects the

03:25PM  14   state court will sentence Mr. Pigeon in due course.

03:25PM  15       Congress crafted the instant statute because of its

03:25PM  16   concerns with foreign financial influences on our country's

03:25PM  17   elections and the potential impact of that influence on the

03:25PM  18   democratic process in the United States.  Mr. Pigeon has

03:25PM  19   tarnished his representation by prioritizing the money

03:26PM  20   interest of his client and himself over the country's national

03:26PM  21   interest that I have just described.

03:26PM  22       The public expects government representatives, including

03:26PM  23   political consultants such as Mr. Pigeon, to act with honesty

03:26PM  24   and integrity; as well as to protect and maintain the interest

03:26PM  25   of citizens for the greater good of the entire community.  The

03:26PM 1  defendant's actions were contrary to established law which has

03:26PM 2  been formulated to promote fairness and public confidence in

03:26PM 3  our democracy.

03:26PM 4      The Court has sentenced the defendant, in part, to

03:26PM 5  generally deter criminal conduct of this nature as well as

03:26PM 6  jeopardize the credence that citizens place in our system of

03:26PM 7  governance.  The political process requires trust and

03:26PM 8  confidence in voters when it makes election decisions.

03:26PM 9      I have imposed a period of supervised release with special

03:26PM 10 conditions.  I am not imposing a fine.  I do not believe he

03:27PM 11 has the ability to pay a fine in view of his tax liabilities

03:27PM 12 that he has pending against him as well as personal debt that

03:27PM 13 he now finds himself with.

03:27PM 14     Mr. Pigeon, you have a right to appeal the sentence, sir,

03:27PM 15 if you feel the Court misapprehended its authority or it

03:27PM 16 imposed an illegal sentence; however, you did waive your right

03:27PM 17 to appeal.  If you feel that waiver is not a valid waiver, you

03:27PM 18 may take that issue before the Second Circuit Court of

03:27PM 19 Appeals.  I will allow for a voluntary surrender at a time and

03:27PM 20 place designated by the US Bureau of Prisons.

03:27PM 21         MR. CAMBRIA:  We'd like to have him surrender today,

03:27PM 22 Your Honor, right now.

03:27PM 23         THE COURT:  All right.

03:27PM 24         MR. CAMBRIA:  And we appreciate your consideration.

03:27PM 25         THE COURT:  All right.  He'll be -- I don't know if

03:27PM     1   there's a marshal in the courtroom.  So, he'll surrender today

03:27PM     2   to the US Marshals for beginning his service.  All right.

03:27PM     3   Anything further?

03:27PM     4           MR. KELLER:  Your Honor, the government would move,

03:28PM     5   at this time, to dismiss Counts 1 through 8 of the original

03:28PM     6   indictment in this case.

03:28PM     7           THE COURT:  Motion is granted.  Court will be in

03:28PM     8   recess.  And, counsel, thank you very much for your

03:28PM     9   submissions.  They were very helpful in trying to render a

03:28PM    10   fair and just sentence.

03:28PM    11           MR. CAMBRIA:  Thank you, Your Honor.

03:28PM    12           THE CLERK:  All rise.

03:28PM    13   (Proceedings concluded at 3:28 p.m.)

           14

           15

           16

           17

           18

           19

           20

           21

           22

           23

           24

           25

```
 1                *    *    *    *    *    *    *

 2

 3           I certify that the foregoing is a

 4      correct transcription of the proceedings

 5      recorded by me in this matter.

 6

 7

 8

 9                           s/ Megan E. Pelka, RPR

10                           Official Court Reporter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```